**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK DAVIS : <br> 1970 Veterans Highway : <br> C15 East : CIVIL ACTION <br> Levittown, PA 19056 : <br> : No. <br> Plaintiff, : <br> v. : <br> : <br> THE ESTEE LAUDER COMPANIES, INC.: **JURY TRIAL DEMANDED** <br> 767 Fifth Avenue, GM Bdg, 38th Floor : <br> New York, NY 10153 : <br> and : <br> NORTHTEC, LLC : <br> 150 Rittenhouse Circle : <br> Bristol, PA 19007 : <br> : <br> Defendants. : <br> _____: | |

**CIVIL ACTION COMPLAINT**

Frederick Davis, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Plaintiff against The Estee Lauder Companies, Inc. and Northtec, LLC (hereinafter collectively referred to as "Defendants") for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully discriminated against and terminated from his employment in violation of state and

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA.

1

federal law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress of such federal statutes.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, in addition, venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania for this action.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant The Estee Lauder Companies, Inc. is an American multinational manufacturer and marketer of skincare, makeup, fragrance and hair care products, based in Midtown Manhattan, New York City. Defendant The Estee Lauder

Companies, Inc. owns a diverse portfolio of brands, distributed internationally through both digital commerce and retail channels.

8. Defendant Northtec, LLC is upon information and belief owned by Defendant The Estee Lauder Companies, Inc. and specifically produces perfumes and cosmetics for the same at the above-captioned address.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a 56-year-old male.

13. Plaintiff was employed with Defendants for approximately 14 years.

14. Plaintiff was originally hired to work for Defendants as a Receiving Supervisor at Defendants' "200 Crossings" building and performed this job for approximately 13 years.

15. Throughout his employment with Defendants at the 200 Crossings building, Plaintiff was a dedicated and hard-working employee who performed his job well.

16.     Plaintiff also received generally positive performance reviews throughout the course of his employment at the 200 Crossings building. However, towards the end of his employment with Defendants, Plaintiff observed Defendants' management terminating and/or pushing out older employees. Unfortunately, Plaintiff was no exception.

17.     In or about January of 2020, Plaintiff was transferred from the 200 Crossings Building to Defendants' "300 Crossings" building. This transfer came shortly after Plaintiff began observing the aforesaid age discrimination occurring within Defendants (not just as it pertained to him but to other older employees as well).

18.     For example, shortly before being transferred, Plaintiff was given a terrible performance evaluation – which was completely unwarranted, discriminatory in nature and presumably used as a means to push Plaintiff out because of his advanced age.

19.     After receiving the aforesaid negative performance evaluation (disused *supra*), Plaintiff had an altercation with a younger manager (in his 20s or 30s), Graham Hercock (hereinafter "Hercock").

20.     Even though both Plaintiff and Hercock were guilty of losing their cool with one another during the aforesaid altercation, Plaintiff was the one transferred to the 300 Crossings building and replaced with a younger individual in his 20s.[2]

21.     At or around the same time frame as the aforesaid altercation, Plaintiff made a complaint to Defendants' ethics hotline that he believed there was age discrimination occurring within Defendants and that he was a victim of the same.

---

[2] Plaintiff does not include any facts herein regarding his negative performance evaluation or transfer to Defendants' 300 Crossings building in 2020 as a basis for any independent cause of action. Instead, Plaintiff includes such facts for the purpose of establishing a history age discrimination and retaliation.

22. Plaintiff's aforesaid complaint of age discrimination was not taken seriously or properly investigated. Instead, Plaintiff was informed by Executive Director of Human Resources, Craig Shand, that there was no merit to Plaintiff's claims and the matter was being closed.

23. Over the next year, while working within Defendants' 300 Crossings building, Plaintiff was still considered a "Receiving Supervisor;" however, he was not performing the role of a Receiving Supervisor.

24. Instead, while working at Defendants' 300 Crossings building, Plaintiff was placed on mid-shift, performing tedious tasks and training younger and newly hired supervisors to perform all his previous job duties.

25. In addition to the foregoing, Plaintiff was also being advised by Defendants' management on a constant basis to issue discipline to older employees (rather than younger employees).

26. Plaintiff believed that the treatment he and others were receiving from Defendants' management (outlined in Paragraph 24 and 25 of the instant Civil Action Complaint) was again motivated by age and because he had expressed concerns of age discrimination (as to the treatment he was receiving specifically).

27. Therefore, on several occasions leading up to his ultimate termination from Defendants, Plaintiff apprised Defendants' management, including but not limited to his direct supervisor at the 300 Crossings building - Christopher Galeone (20s-30s), of his aforesaid concerns regarding age discrimination and retaliation on several occasions, but Plaintiff was ignored.

28. The hostile work environment continued and in or about September of 2020, Plaintiff was placed on a 90-day Performance Improvement Plan ("PIP"), even though he had received no write ups regarding his performance since the aforesaid negative performance review that he was given while working at the 200 Crossings building (almost a year prior).

29. On the last day of the performance review period, Plaintiff was informed that he had improved but due to a recent safety issue (wherein he did not say something to an employee who was using a yellow safety knife on the receiving dock), he was being terminated from his employment.

30. The aforesaid issue for which Plaintiff was allegedly terminated occurred three weeks prior and based on Defendants' past practices, Plaintiff believes that the reason for his termination was completely pretextual and that Defendants were just using this as an excuse to terminate him.

31. Plaintiff believes and therefore avers that he was really terminated from Defendants in January of 2021 because of his advanced age and/or because he complained of age discrimination.

### Count I
### Violations of the Age Discrimination in Employment Act "ADEA"
**(Age Discrimination & Retaliation)**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff properly exhausted his administrative remedies by filing with the Equal Employment Opportunity Commission and initiating this lawsuit within 90 days of receipt of a right-to-sue letter and/or notice of dismissal.

34.     Based on the foregoing, Plaintiff believes and therefore avers that he was subjected to a hostile work environment, placed on a PIP, and ultimately terminated due to his advanced age and/or because of his complaints of age discrimination (on multiple occasions in advance of his termination).

35.     These actions as aforesaid constitute violations of the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

By: _____

                                        Ari R. Karpf, Esq.
                                        3331 Street Road
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: September 14, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Frederick Davis | : | CIVIL ACTION |
| v. | : | |
| The Estee Lauder Companies, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| 9/14/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1970 Veterans Highway, C15 East, Levittown, PA 19056

Address of Defendant: 767 Fifth Avenue, GM Bdg, 38th Floor, New York, NY 10153 / 150 Rittenhouse Circle, Bristol, PA 19007

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/14/2021    _____(signature)_____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
     *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 9/14/2021    _____(signature)_____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVIS, FREDERICK

**DEFENDANTS**
THE ESTEE LAUDER COMPANIES, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 9/14/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

[Print]  [Save As...]  [Reset]